J-S26045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE ALEXANDER CROSBY | : | |
| | : | |
| Appellant | : | No. 739 EDA 2023 |

Appeal from the PCRA Order Entered March 1, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004827-2020

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED NOVEMBER 02, 2023**

Dale Alexander Crosby appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Appellate counsel has filed an **Anders**[1] brief in this court, claiming there are no non-frivolous issues for appeal. However, counsel has not filed a petition to withdraw or provided proof he sent any of the required documents to Crosby. We find counsel's attempt to withdraw defective and direct counsel to cure the defects.

In April 2021, Crosby entered a negotiated guilty plea to unlawful restraint and simple assault. **See** 18 Pa.C.S.A. §§ 2902(a)(1) and 2701(a)(1). As part of the plea, the Commonwealth amended the information to reduce a felony strangulation charge to a misdemeanor charge of unlawful restraint,

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

and it *nolle prossed* a felony charge of endangering the welfare of a child. The court sentenced Crosby to 11½ to 23 months' imprisonment and five years' probation, as was negotiated. Crosby did not file a timely notice of appeal.

In July 2021, Crosby filed a *pro se* notice of appeal of an order purportedly entered on June 24, 2021. This Court issued a rule to show cause why the appeal should not be quashed as having been taken from an order that was not entered on the docket. No response to the rule to show cause was filed, and this Court dismissed the appeal.

In August 2021, Crosby filed a *pro se* petition to appeal *nunc pro tunc*. The trial court denied the petition. Crosby appealed, and, in December 2022, this Court remanded, concluding the court erred in failing to treat the petition for *nunc pro tunc* relief as a PCRA petition and failing to appoint counsel.[2] ***Commonwealth v. Crosby***, No. 1951 EDA 2021, unpublished memorandum at 4-6 (Pa.Super. filed Dec. 9, 2022). On remand, the PCRA court appointed counsel. Counsel filed an amended PCRA petition claiming trial counsel was ineffective for failing to file a direct appeal.

The PCRA court held a hearing. Trial counsel testified that Crosby did not ask him to file a direct appeal within the 30-day time frame. He further testified he would not have expected Crosby to want to file an appeal, because

---

[2] Crosby filed the notice of appeal of the order denying *nunc pro tunc* relief in September 2021. The PCRA court states that it believes Crosby was attempting to appeal orders entered at a separate docket when he filed the notices of appeal in July and September 2021. 1925(a) Op. at 10 n.5. On the same day that Crosby filed the September notice of appeal, he also filed a second application to file appeal *nunc pro tunc*.

"he got want he wanted," which was a county sentence. N.T., Feb. 27, 2023, at 18-19. Counsel testified that when Crosby eventually asked that he file an appeal, the request was months after the deadline. *Id.* at 17.

Crosby also testified at the evidentiary hearing, but was unable to provide dates as to when he asked his trial counsel to file an appeal.

The PCRA court found trial counsel credible and Crosby not credible. Trial Court Opinion, filed Apr. 26, 2023, at 11-12. It denied Crosby's PCRA petition, finding Crosby did not timely request that counsel file a notice of appeal and therefore counsel was not ineffective.

Crosby filed a timely appeal from the PCRA court's order. Crosby's counsel filed an *Anders* brief.

As counsel has filed an *Anders* brief, we must first address whether counsel has satisfied the procedural requirements under *Anders*. *See Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa.Super. 2020).

First, we point out that when counsel seeks to withdraw on an appeal from the denial of PCRA relief, counsel should file a *Turner/Finley* brief, not an *Anders* brief. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). However, we may accept an *Anders* brief in lieu of a *Turner/Finley* brief or letter because an *Anders* brief offers greater protection. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). If counsel has filed an *Anders* brief instead of a *Turner/Finley* brief, we analyze whether counsel's brief meets the standards of *Turner/Finley*.

A ***Turner/Finley*** brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) explain why the petitioner's issues were meritless. ***See Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa.Super. 2012). Counsel must also file in this Court a petition to withdraw as counsel and "send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** (quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007)).[3] If counsel has substantially complied with these requirements, we conduct our own independent review to determine if the issues raised are in fact meritless. If they are, we grant counsel's petition to withdraw. ***Id.***

Here, counsel stated in his brief that he conducted a conscientious review of the record and researched the applicable law, listed the issue Crosby wished to have reviewed, and explained why he concluded the issue was meritless. However, counsel failed to file in this Court a petition to withdraw as counsel or provide any documentation that he sent the petition and brief to Crosby and advised Crosby that he has the right to proceed *pro se* or

---

[3] Where counsel files an ***Anders*** brief on direct appeal, counsel also must file a petition to withdraw and send the petition and brief to the defendant, with instructions that the client can proceed *pro se* or with new counsel. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*).

through new, privately retained counsel. He therefore did not comply with the technical requirements of **Turner/Finley**.

Counsel's brief implicitly signals his desire to withdraw as counsel. Counsel shall therefore file a petition to withdraw in this Court and send to Crosby copies of the petition and brief, together with a letter informing Crosby that he has the right to proceed *pro se* or with new, privately retained counsel. If Counsel in fact does not want to withdraw, he shall so inform this Court in writing. Counsel shall comply with these instructions within 20 days of the filing of this Memorandum.

Request to withdraw denied with instructions. Panel jurisdiction retained.